JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Reserve Recycling, Inc., Hoogewerff/Reserve, Inc., and Hoogewerff Reserve Limited Partnership, appeal the judgment of the Cuyahoga County Common Pleas Court that confirmed an arbitration award and dismissed their complaint against defendants-appellees, East Hoogewerff, Inc. and Robert J. Dammers, for judicial dissolution and breach of fiduciary duty. We reverse and remand.
 {¶ 2} The record reflects that plaintiff-appellant Reserve Recycling, Inc. ("Reserve"), an Ohio corporation, and defendantappellee East Hoogewerff, Inc. ("East"), a Florida corporation, are equal shareholders in Hoogewerff/Reserve, Inc. ("HRI"). Defendantappellee Robert J. Dammers ("Dammers") owns East and is secretary of HRI, while non-party Paul Joseph is a shareholder and Chairman of the Board of Reserve and president of HRI. Both Reserve and East are limited partners of Hoogewerff Reserve Limited Partnership ("HRLP"), a Delaware limited partnership, while HRI is a general partner. HRLP's business involves the warehousing and forwarding of commodities from the London Metal Exchange. It appears from the record that these commodities are warehoused in Illinois.
 {¶ 3} When Reserve and East could not agree on the management of HRI, Reserve requested that the parties submit to arbitration as provided in Section V of the Shareholders Agreement between Reserve and East. This section provides for arbitration of disputes involving instances of "corporate deadlock" when the shareholders, Reserve and East, "cannot agree upon matters related to the management of [HRI] or [its] corporate policies * * *."
 {¶ 4} Nonetheless, despite its request and selection of an arbitrator, Reserve, along with HRI and HRLP (collectively referred to as "Reserve" where appropriate), instituted a four-count complaint against East and Dammers. The complaint sought judicial dissolution of HRI and HRLP, declaratory relief[1] and damages for breach of fiduciary duty by Dammers. East and Dammers moved to stay proceedings pending arbitration under R.C. 2711.02. They simultaneously moved to dismiss the claims against them, arguing that the court lacked personal jurisdiction. Around this same time, East and Dammers filed a multi-count complaint against Reserve in the Circuit Court of Cook County, Illinois, which sought the appointment of a receiver and other injunctive relief. See EastHoogewerff, Inc. v. Hoogewerff/Reserve Ltd. Partnership, et al., Cook County Circuit Court, Case No. 2000-CH-09251.
 {¶ 5} The trial court eventually granted the motion to stay, in part, but denied the motion to dismiss. The matter proceeded to arbitration on Reserve's claims for dissolution under the Shareholders Agreement. Succinctly, Reserve desired corporate dissolution, while East and Dammers did not.
 {¶ 6} The arbitrator entered a series of orders over a thirteen-month time period. Orders that were made part of the record indicate issue dates of January 8, 2003, September 30, 2003, December 17, 2003, January 22, 2004, February 3, 2004 and February 18, 2004. The tenor of the early arbitration orders evince an attempt on the part of the arbitrator to encourage the parties to resolve their conflict. For example, the arbitrator ordered the parties to engage in dialogue every two weeks and then reconvene with the arbitrator. After that, the arbitrator directed the parties to submit a plan on how to maintain HRI's status quo pending ongoing litigation in Illinois.
 {¶ 7} When it became apparent that the parties could not work together, the arbitrator, in his December 17th order, sought to appoint an "overseer," whose purpose was "to oversee the resolution of certain nominal interim issues during the pendency and outcome of the Illinois litigation * * *." The arbitrator ordered the parties to choose an overseer and, if they could not do so within a certain time period, the arbitrator would appoint one without their input.
 {¶ 8} Consistent with the parties past behavior, they could not agree and the arbitrator then appointed an overseer as evidenced by his January 22nd and February 3rd orders. In his February 18th order, the arbitrator met with the overseer and counsel for the parties, at which time the overseer's duties and responsibilities were outlined.
 {¶ 9} In March 2004, East and Dammers filed an application for an order to confirm the December 17th arbitration order, which the trial court granted. The court thereafter dismissed Reserve's complaint with prejudice.
 {¶ 10} Reserve is now before this court and assigns four errors for our review. As a preliminary matter, however, we find it necessary to address whether the December 17th arbitration "order" is subject to confirmation upon application under R.C. 2711.09.
 {¶ 11} R.C. 2711.09 permits a party to an arbitration proceeding to apply to the court of common pleas for an order confirming an arbitration award within one year of the award. The court is required to grant the application, if it is timely, and enter such an order, unless the award is otherwise vacated, modified, or corrected as set forth in R.C. 2711.10
and 2711.11. See, generally, Warren Edn. Assoc. v. Warren City Bd. ofEdn. (1985), 18 Ohio St.3d 170, syllabus.
 {¶ 12} R.C. Chapter 2711 does not define what constitutes an "award" sufficiently capable of being confirmed upon application to the trial court. R.C. 2711.10(D) does authorize a trial court, however, to vacate an award where an arbitrator "imperfectly executes" his or her powers so "that a mutual, final, and definite award * * * was not made." We can infer, then, that an award must be final in order to be subject to confirmation upon application under R.C. 2711.09.
 {¶ 13} The Rules of the American Arbitration Association, on the other hand, provide for interim measures, which could include interim orders, as well as for "final awards," under its scope of award provision. The arbitrator's January 8th order specifically referenced the parties' agreement to adhere to both the rules governing not only interim measures but scope of award. From the context of these rules, we find that the December 17th order is merely an interim order and not a "final award" capable of confirmation by application.
 {¶ 14} We reach this conclusion from the language of the December 17th order itself. In opining that he "cannot order the existence of HRI in perpetuity," the arbitrator, nonetheless, stated that he felt it necessary to await "the determination of the pending Illinois action * * * before any dissolution can be considered." He thereafter stated:
 {¶ 15} "HRI is not dissolved and a receiver will not be appointed; however, an overseer will be appointed to oversee the resolution of certain nominal interim issues during the pendency and outcome of the Illinois litigation and that overseer will be paid out of the assets presently available and subject to my approval until the Illinoislitigation is resolved." (Emphasis added.)
 {¶ 16} The arbitrator continued:
 {¶ 17} "To be clear, I am determining deadlock for the reasons stated in previous orders because one technically exists (with other deadlocks flowing therefrom); however, I am also determining there will presently not be dissolution."
 {¶ 18} In conclusion, the arbitrator further stated:
 {¶ 19} "All the findings and conclusions herein are done so as to not necessarily provide the existence of corporate entity in perpetuity and also so as to assure the avoidance of any prejudice in any pending legal proceeding."
 {¶ 20} We glean from these excerpts that the arbitrator was taking a temporary, interim measure as is provided under the rules of the American Arbitration Association and agreed to by the parties. He did not foreclose the possibility of dissolution, despite contrary positions as to his authority to do so, but merely instituted a temporary measure during the pendency of the Illinois litigation. Indeed, the arbitrator held at least three subsequent hearings following the December 17th
order, further evincing the temporary or interim nature of this order, despite language in the order stating that the order was final. If this order were truly a "final award" capable of confirmation by application, the arbitrator would have had no power to conduct further hearings or enter additional orders. See Citizens Bldg. of West Palm Beach, Inc. v.Western Union Tel. Co. (C.A.5, 1941), 120 F.2d 982, 984 ("When an arbitral board renders a final award, its powers and duties under the submission are terminated."); see, also, Lockhart v. American ReserveIns. Co. (1981), 2 Ohio App.3d 99, 103; Fraternal Order of Police,Ohio Labor Council, Inc. v. Athens, 4th App. No. 01CA18, 2001-Ohio-2621 ("Once the issues submitted to arbitration are decided and an award is made, the arbitrator's powers expire.").
 {¶ 21} The arbitrator's frustration with the parties' lack of cooperation in adhering to the interim measures ordered or in instituting comparable interim measures on their own is evident. Indeed, this lack of cooperation appears to have necessitated the interim measures taken by the arbitrator. This court cannot, however, find anything within the December 17th order that can even remotely be considered as a final award capable of confirmation by application to the trial court.
 {¶ 22} The trial court, therefore, was without authority to grant the application seeking to confirm the December 17th arbitration order because the order did not represent a "final award" capable of confirmation. It follows that the trial court likewise could not dismiss the entire case.
 {¶ 23} Even if the December 17th order could be construed as a final award capable of confirmation by application, there remains outstanding Reserve's claim for breach of fiduciary duty. Contrary to the argument advanced by East and Dammers, this court can not affirm the dismissal of this claim on the alternative ground that the court had no personal jurisdiction over Dammers. East and Dammers raised this argument in their motion to dismiss early in the case and the court denied the motion. The case thereafter proceeded to arbitration on the deadlock issues, and the court did not address the merits of Reserve's claim for breach of fiduciary duty before it dismissed the case in its entirety.
 {¶ 24} Because the trial court was without authority to confirm an interim order of the arbitrator under R.C. 2711.09, Reserve's assignments of error are not capable of review at this time. Accordingly, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.
It is ordered that appellants recover from appellees costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Calabrese, Jr., J., concur.
[1] Reserve sought a declaration that the Shareholder Agreement, in particular Section V of that agreement, was binding and enforceable and, as such, HRI should be dissolved under that section.