OPINION
{¶ 1} The Reynoldsburg City School District Board of Education ("Reynoldsburg") filed an application to confirm an arbitration award. The Franklin County Court of Common Pleas dismissed the application for lack of subject matter jurisdiction, and Reynoldsburg appealed. At issue is whether the arbitrator's award is a final award *Page 2 
subject to confirmation upon application pursuant to R.C. 2711.09. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} In 1991, Reynoldsburg and Licking Heights Local School District Board of Education ("Licking Heights"), entered into an agreement of "indefinite duration" to transfer territories between their two districts and to share tax revenues from the territories. (Territorial Agreement section 11.1.) See, also, R.C. 3311.06. The agreement contains a dispute resolution provision which provides:
 9.4 Issues which the Boards of Education or their designated representatives are unable to resolve between themselves concerning administration of the tax revenue sharing requirements of this Agreement shall be referred at the request of either Board of Education for determination by a school finance expert agreed upon by the Boards of Education. The decision of such expert shall be in writing and shall be final and binding. The cost of such expert's services shall be divided equally between the Boards of Education. If the Boards of Education are unable to agree upon a school finance expert, the selection shall be made by the State Superintendent of Public Instruction or his successor.
 {¶ 3} In January 2000, Licking Heights requested the State Superintendent to appoint an expert to resolve a dispute as to how tax proceeds were to be divided, and how a certain parcel of property was to be treated under the agreement. The State Superintendent appointed Robert Barrow as a hearing officer to decide the claims. The four issues Barrow had before him were: (1) interpretation of section 9.2 of the agreement (procedures for sharing revenue); (2) inclusion of bond millage in the calculations; (3) application of interest and attorney fees; and (4) determining which section of the agreement applies to the Maxwell property. *Page 3 
 {¶ 4} Barrow held a hearing on April 15, 2002, in which both parties submitted a voluminous quantity of documentary evidence and sworn testimony in support of their claims. On August 23, 2002, Barrow issued his report. The report contained a formula by which the districts were to calculate revenue sharing obligations. The report also included the following language:
 The hearing officer will retain jurisdiction over the implementation of this report and the Agreement until such time as the parties agree that all issues have been satisfactorily resolved and all revenue sharing payments have been made.
 {¶ 5} The hearing officer issued a supplemental report on October 31, 2002 to resolve outstanding issues regarding the Maxwell property. Then, sometime in mid-2003, the hearing officer ruled on a motion by Licking Heights for oversight to enforce the report of the hearing officer and for the assessment of interest. The hearing officer directed the parties to meet to resolve the matters in dispute regarding the calculations of the revenue sharing payments. If the parties were unable to agree, they were to submit the matter to the hearing officer. The hearing officer withheld further action on the motion until a later date.
 {¶ 6} On January 23, 2004, Reynoldsburg requested further action in a three-part request: (1) to find Licking Heights in default of the August 23, 2002 report; (2) require Licking Heights to pay Reynoldsburg $31,022.09 due as of June 30, 2001; and (3) require Licking Heights to make payment in full for all amounts due Reynoldsburg after that date in accordance with the revenue sharing formula set forth in the August 23, 2002 report. *Page 4 
 {¶ 7} On March 1, 2004, the hearing officer issued another report stating that the parties had engaged experts, conducted meetings, and provided him with numerous written communications in an attempt to resolve their differences. The hearing officer stated in his report as follows: "After examining these documents it seems that any disputes presently at hand do not arise from ambiguity in the hearing officer's previous findings." (March 1, 2004 report, at 2.) The hearing officer then went on to state that "[u]nder the circumstances the hearing officer has no alternative but to grant the three part order requested by Reynoldsburg * * * The hearing officer will retain jurisdiction in the matter pursuant to the August 23, 2002 Report." Id. at 3.
 {¶ 8} Licking Heights did not pay the award and, on February 28, 2005, Reynoldsburg filed a timely motion in the Franklin County Court of Common Pleas to confirm the award made in the March 1, 2004 report of the hearing officer. In its answer/response to the motion, Licking Heights stated "that the August 23, 2002 report by Mr. Barrow determined the issues submitted by the parties and dictated the manner of calculation of funds owed pursuant to the [1991 Agreement]."
 {¶ 9} On February 6, 2007, while the motion to confirm was pending in common pleas court, Licking Heights filed a motion asking the hearing officer to require Reynoldsburg either to confirm or deny the data regarding tax years 2001-2005 that Licking Heights had provided to Reynoldsburg.
 {¶ 10} On February 26, 2007, Barrow responded to Licking Heights' request for him to issue an order. Barrow responded as follows: *Page 5 
 At this time I am unwilling to issue any orders, but I am willing to facilitate discussions between the parties to resolve as many issues as the parties can agree upon.
 {¶ 11} Licking Heights then filed its motion to dismiss on February 14, 2007, claiming that the trial court lacked subject matter jurisdiction. Licking Heights contended that the proceedings before the hearing officer were not final, and that the proceedings did not constitute "arbitration" within the meaning of R.C. Chapter 2711.
 {¶ 12} On April 21, 2008, the trial court decided that the proceedings were indeed arbitration, but issues remained and, therefore, the award was not final. The trial court then concluded that it lacked subject matter jurisdiction to consider the request to confirm the award.
 {¶ 13} This appeal followed with Reynoldsburg raising two assignments of error as follows:
 1. The Franklin County Court of Common Pleas ("Trial Court") erred to the prejudice of Plaintiff/Appellant Reynoldsburg City School District Board of Education ("Reynoldsburg" or "Appellant") in granting the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant/Appellee Licking Heights Local School District Board of Education ("Appellee" or "Licking Heights"), as the Trial Court had subject matter jurisdiction over Appellant's Motion to Confirm.
 2. The Trial Court erred to the prejudice of Appellant in not ruling on and granting the Motion to Confirm Arbitration Award filed by Appellant pursuant to O.R.C. § 2711.09.
 {¶ 14} Licking Heights has raised a cross-assignment of error (for consideration only if this court sustains one or both of Reynoldsburg's assignments of error) as follows:
 While the Trial Court Reached the Correct Result in Granting Licking Heights Local School District Board of Education's *Page 6 
Motion to Dismiss for Lack of Subject-Matter Jurisdiction on the Grounds that the March 1, 2004 Report of the Hearing Officer was Incomplete and not Final, the Court Nonetheless Erred in finding Against Licking Heights' on its First Argument Contending that the Proceedings Before the Hearing Officer were not "Arbitration," and that the Trial Court therefore Lacked Subject-Matter Jurisdiction Under R.C. Chapter 2711 to Confirm the Report of the Hearing Officer.
(Emphasis sic.)
 {¶ 15} The standard of review for a dismissal for lack of subject matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint. Guillory v. Ohio Dept. of Rehab.and Corr., Franklin App. No. 07AP-861, 2008-Ohio-2299, at ¶ 6. We review an appeal of a dismissal for lack of subject matter jurisdiction de novo. Id.
 {¶ 16} Here, a statute confers subject matter jurisdiction in the courts of common pleas to confirm arbitration awards. R.C. 2711.09
provides, in pertinent part:
 At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. * * *
 {¶ 17} The court of common pleas has statutory jurisdiction to rule on motions to confirm arbitration awards, so the issue here is whether Reynoldsburg's claim fits within the statutory parameters of R.C. 2711.09. This matter is similar to the case of Arcadia Acres v. OhioDept. of Job and Family Serv., Franklin App. No. 06AP-738,2007-Ohio-6853, at ¶ 10, where the trial court erroneously dismissed an action for lack of subject matter jurisdiction, but the decision was affirmed on the basis of failure to state a claim. Therefore, our analysis involves two questions: first, whether what happened before the *Page 7 
hearing officer was arbitration; and second, whether the March 1, 2004 award was a final award capable of being confirmed.
 {¶ 18} The Supreme Court of Ohio has stated that for a dispute resolution procedure to be classified as an arbitration, the decision rendered must be final, binding, and without any qualifications or conditions as to the finality of the award whether or not agreed to by the parties. Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708,710. Applying the definition of arbitration set forth by the Supreme Court of Ohio to the facts of this case, it is apparent that the process the parties agreed to in 1991 was arbitration. Both parties agreed to submit their dispute to an expert pursuant to the dispute resolution procedure in section 9.4 of the 1991 agreement. The procedure itself provided that the decision of the expert shall be in writing and shall be final and binding. The parties presented voluminous quantities of evidence and post-hearing briefs to the hearing officer who then issued his reports. The hearing officer granted Reynoldsburg's motion to require Licking Heights to pay $31,022.09. Although the hearing officer's reports were not titled "Arbitration" or "Award," the substance of the dispute resolution process was arbitration.
 {¶ 19} Having so found, we turn to the question of whether the March 1, 2004 report was a final award. R.C. Chapter 2711 does not define what constitutes an award capable of being confirmed by the court of common pleas. However, R.C. 2711.10(D) authorizes a trial court to vacate an award where the arbitrator "imperfectly execute[s]" his or her powers so "that a mutual, final, and definite award * * * was not made." By inference then, an award must be final in order to be subject to confirmation under *Page 8 
R.C. 2711.09. Reserve Recycling, Inc. v. East Hoogewerff, Inc., Cuyahoga App. No. 84673, 2005-Ohio-512, at ¶ 12.
 {¶ 20} Licking Heights argues that because there are a number of issues that remain outstanding, and the hearing officer retained jurisdiction to resolve those issues, the award is not final. The issues that are alleged to be outstanding are: attorney fees for Attorney Rich for work performed prior to December 31, 1998; Licking Heights' request for the hearing officer to assess interest and to take active oversight of the arrangement under the 1991 agreement; the funds due from 2001 through 2005 and the data to be "plugged into" the formula; and, the fact that all payments have not been made.
 {¶ 21} In the August 23, 2002 report, the hearing officer resolved the attorney fee issue by deciding that no attorney fees should be charged to Reynoldsburg after December 31, 1998, when the attorney was told that an informal agreement had expired. The hearing officer was unable to determine what the nature of the agreement was, and no attorney fees were to enter into the initial calculation of the revenue sharing payments. The hearing officer stated that any adjustment for attorney fees will take place after final settlement between the districts.
 {¶ 22} We find that the attorney fee issue was finally decided in the August 23, 2002 report. Once the issues submitted to arbitration are decided and an award is made, the arbitrator's powers expire.Fraternal Order of Police v. City of Athens, Athens App. No. 01CA18, 2001-Ohio-2621. Thus, any statement about an adjustment to the attorney fees after "final settlement" must be viewed as dicta. See Accu-MedServices, Ltd. v. *Page 9 Omnicare, Inc., Hamilton App. No. C-020789, 2004-Ohio-655, at ¶ 24 (arbitrator cannot make findings of fact with respect to events that occur after the conclusion of arbitration).
 {¶ 23} The hearing officer also determined that the revenue sharing obligations should not be adjusted for interest because the 1991 agreement made no provision for such charges. As for Licking Heights' request that the hearing officer assume oversight, the hearing officer directed the parties to meet to discuss the split of tax revenue under the August 23, 2002 order, and that if they could not resolve outstanding issues, to submit reports to him. Reynoldsburg submitted its report to Barrow asking for an award of $31,022.09, and Barrow granted the award. This action resolved the issue of oversight. Moreover, the 1991 agreement made no provision for oversight in perpetuity over an agreement of indefinite duration.
 {¶ 24} The fact that a defined dollar amount for payments between mid-2001 through 2005 has been neither determined nor paid does not affect finality of the March 1, 2004 award. The March 1, 2004 award answered the question of how much tax revenue Reynoldsburg was entitled to receive from Licking Heights under the formula in the August 23, 2002 order. After the hearing officer created the formula to be used for calculating future payments, he directed the parties to use the formula for future payments. The hearing officer stated that the parties had engaged experts, conducted meetings, and provided him with numerous written communications in an attempt to resolve their differences. However, after examining the documents, he did not issue an order and stated that any disputes at hand did not arise from ambiguity in his previous findings. *Page 10 
 {¶ 25} It would have been impossible for the hearing officer to decide the issue of the tax revenue split for the years 2004 and 2005, as those taxes had yet to be collected. Under the agreement, there will always be tax revenue to be shared. To interpret the March 1, 2004 award as not final because of this issue defeats the intention of the parties to have a dispute resolution procedure. Under this interpretation, there would never be final resolution, and Licking Heights would never have to make any payment.
 {¶ 26} Licking Heights also raises the issue of hearing officer Barrow retaining jurisdiction over the March 1, 2004 award as affecting the finality of that award. After granting Reynoldsburg's motion, the hearing officer stated "[t]he hearing officer will retain jurisdiction in the matter pursuant to the August 23, 2002 Report."
 {¶ 27} As discussed above, it is difficult to understand what, if any, issues need to be resolved that relate back to the August 23, 2002 award. After Barrow awarded $31,022.09 to Reynoldsburg he lacked the power to revisit the award. R.C. Chapter 2711 does not confer authority on an arbitrator to reconsider its awards. Miller v. Gunckle,96 Ohio St.3d 359, 364, 2002-Ohio-4932. Perhaps recognizing this, the hearing officer appears to have converted his alleged retention of jurisdiction into an offer to mediate on February 26, 2007, when he stated:
 At this time I am unwilling to issue any orders, but I am willing to facilitate discussions between the parties to resolve as many issues as the parties can agree upon.
 {¶ 28} In the time since the March 1, 2004 order, Barrow has exercised no jurisdiction in this matter and has stated that he is unwilling to issue further orders. Under *Page 11 
these facts, we conclude that the March 1, 2004 order awarding Reynoldsburg $31,022.09 is a final order capable of confirmation under R.C. 2711.09
 {¶ 29} Based on the foregoing, we sustain Reynoldsburg's first assignment of error, we sustain in part and overrule in part Reynoldsburg's second assignment of error, declining to enter judgment ourselves, and we overrule Licking Heights' cross-assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to the trial court to reinstate and rule upon Reynoldsburg's motion to confirm arbitrator's award.
Judgment reversed and remanded with instructions.
 KLATT and T. BRYANT, JJ., concur. T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1