NULL, Appellant,

v.

OHIO DEPARTMENT OF MENTAL RETARDATION & DEVELOPMENTAL
DISABILITIES et al., Appellees.

[Cite as *Null v. Ohio Dept. of Mental Retardation &
Dev. Disabilities* (2000), 137 Ohio App.3d 152.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–523.

Decided March 28, 2000.

*Michael A. Moses,* for appellant.

*Betty D. Montgomery,* Attorney General, *Jack W. Decker* and *Kevin L. Murch,* Assistant Attorneys General, for appellees.

---

PEGGY BRYANT, Judge.

Plaintiff-appellant, Anne O'Connell Null, appeals from the judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Ohio Department of Mental Retardation and Developmental Disabilities ("ODMRDD").

At all time pertinent, plaintiff was a Licensure Specialist with ODMRDD and was paid an hourly wage. Her position was included in the bargaining unit represented by District 1199, Service Employees International Union. Claiming that defendant had violated relevant law in failing to pay her overtime compensation, plaintiff filed grievances under the collective bargaining agreement the union entered into with defendant. Pursuant to a settlement between District 1199 and ODMRDD, plaintiff received $3,000 for travel expenses incurred and a credit for one hundred fifty hours of compensatory time.

On July 22, 1997, plaintiff filed a complaint in the common pleas court, alleging that defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act, R.C. Chapter 4111, in denying plaintiff overtime compensation. The trial court concluded that it lacked subject matter jurisdiction to adjudicate the case, finding exclusive jurisdiction in the Ohio Court of Claims. On appeal, this court affirmed the judgment of the trial court insofar as it found that the Court of Claims had exclusive jurisdiction over plaintiff's FLSA claim, but it remanded the cause to the trial court for consideration of plaintiff's state law claim. *Null v. Ohio Dept. of Mental Retardation & Dev. Disabilities* (1998), 129 Ohio App.3d 20, 716 N.E.2d 1184.

On remand, defendant again filed a summary judgment motion, premised this time on two arguments: (1) defendant's liability for overtime is determined under R.C. 124.18, not R.C. 4111.03, as alleged in plaintiff's complaint, and (2) pursuant to R.C. 4117.10(A), the agreement to arbitrate in the collective bargaining agreement bars plaintiff's claims. On April 6, 1999, the trial court issued a decision granting defendant's motion for summary judgment. The court concluded that R.C. 4117.10(A) controls plaintiff's claim, leaving the trial court without jurisdiction due to the arbitration clause in the collective bargaining agreement.

Plaintiff appeals, assigning the following errors:

"I. The common pleas court erred in granting summary judgment for appellee.

"II. The common pleas court erred in finding O.R.C. Sec. 4117.10(A) prevails over the Ohio Fair Minimum Wage Standards Act, O.R.C. Sec. 4111.01, *et seq.*"

Plaintiff's two assignments of error are interrelated and will be addressed jointly. Together they assert that the trial court erroneously concluded that the collective bargaining agreement's arbitration clause rendered the trial court without jurisdiction over plaintiff's state law claims. Accordingly, we are asked to determine which prevails in determining jurisdiction over plaintiff's claim under R.C. 4111.03: the collective bargaining agreement and its binding arbitration clause, or R.C. Chapter 4111 pursued through an action in the common pleas court.

R.C. 4117.10(A) establishes the relationship between the provisions of a collective bargaining agreement and state laws. It provides:

"An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions

have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure. Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. * * * [T]his chapter prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in this chapter or as otherwise specified by the general assembly."

Pursuant to R.C. 4117.10(A) when no state or local law addresses a matter addressed in a collective bargaining agreement, no conflict exists between the agreement and the law, and the agreement governs the parties as to that matter. *Streetsboro Edn. Assn. v. Streetsboro City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 288, 626 N.E.2d 110. Conversely, when a collective bargaining agreement does not address a matter but a state or local law does, again no conflict arises: pursuant to R.C. 4117.10(A) state or local law generally would apply to a public employer and its public employees regarding "wages, hours and terms and conditions" of employment. *Id.* at 291, 626 N.E.2d at 112–113. When, however, a state or local law pertaining to a specific exception listed in R.C. 4117.10(A) conflicts with a provision in a collective bargaining agreement addressing the same matter, the law prevails and the provision of the collective bargaining agreement is unenforceable. *Id.* If the conflict does not pertain to one of the specific exceptions listed in R.C. 4117.10(A), then the collective bargaining agreement prevails. *Id.*

Here Article 24 is not silent on the issue of overtime compensation, but rather states: "Employees shall receive compensatory time or overtime pay for authorized work performed in excess of forty (40) hours per week." R.C. 4111.03 also addresses overtime compensation and provides: "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended."

The provision of the collective bargaining agreement thus not only addresses but conflicts with the terms of R.C. 4111.03. While R.C. 4111.03 requires an employer to provide for overtime compensation in the manner prescribed by the FLSA, the collective bargaining agreement does not. Although the agreement requires the additional hours to be "authorized," R.C. 4111.03 does not specifically require authorization. While R.C. 4111.03(A) requires overtime compensation for "hours worked" in excess of forty, the collective bargaining agreement

requires overtime compensation for "hours in active pay status" greater than forty. Given the conflict, the bargaining agreement prevails unless one of the exceptions in R.C. 4117.10(A) applies. Because R.C. 4117.10(A) does not list R.C. 4111.03 or the matter of overtime compensation as an exception, the collective bargaining agreement with its arbitration provision prevails. *Streetsboro, supra.*

Plaintiff nonetheless asserts that pursuant to *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 630 N.E.2d 725, a collective bargaining agreement does not deprive an employee of independent statutory rights unless that particular right has been specifically excluded or negated by the agreement.

*Naylor* acknowledged the Ohio Supreme Court's holding that a provision of a collective bargaining agreement may prevail over a conflicting statute. Relying, however, on *State ex rel. Clark v. Greater Cleveland Regional Transit Auth.* (1990), 48 Ohio St.3d 19, 548 N.E.2d 940, *Naylor* held that unless a collective bargaining agreement "specifically provides to the contrary, R.C. 3319.111 governs the evaluation of a teacher employed under a limited contract." *Naylor,* paragraph two of the syllabus.

*Naylor* is not dispositive here. Initially, by its syllabus language *Naylor* is confined to determining whether R.C. 3319.111 is rendered ineffective under R.C. 4117.10(A) by the terms of a collective bargaining agreement. Moreover, the rationale of *Naylor* is premised, at least in part, on the fact that the collective bargaining agreement was entered into before the effective date of R.C. 3319.111. Here, R.C. 4111.03 predated the collective bargaining agreement. Finally, to accept plaintiff's interpretation of *Naylor,* at the least, would modify the test set forth in *Streetsboro,* yet *Naylor* does not overrule or modify *Streetsboro.*

Further, *Clark,* relied on in *Naylor,* is unlike the issue here. In *Clark,* the statute and the collective bargaining agreement did not conflict because the collective bargaining agreement did not specifically address the matter at issue in *Clark.* It thus did not negate the statutory rights. Here, by contrast, the collective bargaining agreement does address overtime compensation in much the same fashion as R.C. 4111.03, and thus conflicts with R.C. 4111.03. Under *Streetsboro,* because R.C. 4111.03 is not specifically excepted by R.C. 4117.10(A), the collective bargaining agreement prevails.

R.C. 4117.10(A) further states that if the labor agreement provides for final and binding arbitration, then employers, employees, and labor unions are subject solely to that grievance procedure as set forth in the labor contract. Section 7.07(F) of the collective bargaining agreement at issue provides for final and binding arbitration. *Albright v. Jackson* (May 15, 1990), Franklin App. No. 89AP–1215, unreported, 1990 WL 63041; see, also, *MacKnight v. Lake Cty. Dept. of Human Serv.* (1995), 107 Ohio App.3d 181, 667 N.E.2d 1287; *Cook v. Maxwell*

(1989), 57 Ohio App.3d 131, 567 N.E.2d 292. Accordingly, the trial court properly concluded it lacked jurisdiction over plaintiff's claims under R.C. 4111.03.

For the foregoing reasons, plaintiff's two assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and TYACK, J., concur.