LUCKI, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.

[Cite as *Lucki v. Ohio Dept. of Rehab. & Corr.*, 197 Ohio App.3d 108, 2011-Ohio-5404.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 11AP–43.

Decided Oct. 20, 2011.

Cohen Rosenthal & Kramer, L.L.P., Jason R. Bristol, Joshua R. Cohen, and Thomas A. Downie;  and The Lazzaro Law Firm, L.L.C., and Anthony J. Lazzaro, for appellant.

Michael DeWine, Attorney General, and Randall W. Knutti and Christopher P. Conomy, Assistant Attorneys General, for appellee.

---

BRYANT, Presiding Judge.

{¶ 1} Plaintiff-appellant, Anthony Lucki, appeals from a judgment of the Ohio Court of Claims dismissing his action against defendant-appellee, Ohio Department of Rehabilitation and Correction, for lack of jurisdiction pursuant to the

terms of R.C. 4117.10(A). Because the Court of Claims properly determined that it lacks jurisdiction over plaintiff's action, we affirm.

## I. Facts and Procedural History

{¶ 2} At all times relevant to this appeal, plaintiff was employed as a corrections officer at the North Central Correctional Institution and was paid an hourly wage. The bargaining unit, represented by the Ohio Civil Service Employees Association/AFSCME Local 11, AFL–CIO, included plaintiff's position.

{¶ 3} On July 16, 2010, after having filed initial and amended class-action complaints, plaintiff filed a second amended class-action complaint alleging that defendant had violated R.C. 4111.03(A) by failing to pay him and other members of the purported class for daily post-shift work at the statutorily prescribed overtime rate of one and one-half times their regular wages. Plaintiff asserted that the post-shift work was an "integral and indispensable part of [the corrections officers'] principal activities" and included "waiting for an officer on the next shift to relieve them from their post, handing over their equipment to the relieving officer, briefing the receiving officer on what happened on their shift, logging in and logging out, and returning other equipment." Plaintiff further asserted that he and the purported class members were required to complete the post-shift work in ten minutes or less, or be subject to discipline. Plaintiff sought not only an order certifying the class pursuant to Civ.R. 23, but both actual and liquidated damages in an amount equal to the unpaid overtime pay.

{¶ 4} On July 30, 2010, defendant filed a motion to dismiss, contending that, pursuant to the terms of R.C. 4117.10(A), the Court of Claims lacked jurisdiction over plaintiff's R.C. 4111.03 claim because the collective-bargaining agreement addresses the matter at issue, governs its resolution through the grievance and arbitration procedures in the agreement, and leaves the Court of Claims without jurisdiction to adjudicate plaintiff's claim. Plaintiff argued in response that because no provision of the collective-bargaining agreement expressly addressed and excluded the payment of overtime compensation for post-shift work, his claim was not subject to dismissal under R.C. 4117.10(A). The trial court agreed with defendant, determined that R.C. 4117.10(A) controlled, and concluded that the arbitration clause in the collective-bargaining agreement eliminated the court's jurisdiction over plaintiff's claims.

## II. Assignment of Errors

{¶ 5} Plaintiff appeals, assigning the following five errors:

1. The Court of Claims erred in dismissing Plaintiff's claim that the Department of Rehabilitation and Correction ("DRC") violated Ohio wage-and-hour law, R.C. § 4111.03, by failing to pay Plaintiff and other correctional

officers for work they are required to continue to perform on a daily basis after their scheduled shifts have ended.

2. The Court of Claims erred in finding that it lacked jurisdiction over Plaintiff's R.C. § 4111.03 claim by reason of R.C. 4117.10(A), which prescribes the relationship between collective bargaining agreements and the employee rights established by state and local laws.

3. The Court of Claims erroneously omitted from its analysis the express provision of R.C. 4117.10(A) that where a collective bargaining agreement "makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees." R.C. § 4117.10(A).

4. The Court of Claims erroneously failed to consider the Supreme Court's declaration, construing R.C. 4117.10(A), that "[i]n order to negate statutory rights of public employees, a collective bargaining agreement must use language with such specificity as to explicitly demonstrate that the intent of the parties was to preempt statutory rights." *State ex rel. Ohio Ass'n of Public School Employees v. Batavia Local School District Bd. of Ed. (2000), 89 Ohio St.3d 191 [729 N.E.2d 743 ]* (Syllabus by the Court).

5. The Court of Claims erred in concluding that R.C. 4117.10(A) bars Plaintiff's R.C. § 4111.03 claim in this case, where no provision of the collective bargaining agreement specifies that correctional officers will continue to work after their scheduled shifts have ended or must do so without pay.

{¶ 6} Plaintiff's five assignments of error are interrelated and will be addressed jointly. Together they assert that because no provision of the collective-bargaining agreement at issue specifically excludes overtime compensation for post-shift work, plaintiff's statutory right under R.C. 4111.03(A) to receive such pay was not preempted and the Court of Claims therefore has jurisdiction to adjudicate his claim.

### III. Subject–Matter Jurisdiction

{¶ 7} The standard of review for determining a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction is whether the complaint raises any cause of action cognizable in the forum. *Crable v. Ohio Dept. of Youth Servs.,* 10th Dist. No. 09AP–191, 2010-Ohio-788, 2010 WL 740141, ¶ 8, citing *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 537 N.E.2d 641. An appellate court reviews de novo a trial court's dismissal for lack of subject-matter jurisdiction. *Crable* at ¶ 8, citing *Meccon, Inc. v. Univ. of Akron,* 182 Ohio App.3d 85, 2009-Ohio-1700, 911 N.E.2d 933.

{¶ 8} R.C. 4117.10(A) governs the relationship between a collective-bargaining agreement and all applicable state and local laws. It provides that "[a]n agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement." *Id.* According to the statute, "[i]f the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure," meaning "the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure." *Id.* If, however, "no agreement exists" or "an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees." *Id.* The statute clarifies that "this chapter prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in this chapter or as otherwise specified by the general assembly."

{¶ 9} Defendant couples the statutory language with our decision in *Null v. Ohio Dept. of Mental Retardation & Dev. Disabilities* (2000), 137 Ohio App.3d 152, 738 N.E.2d 105 to contend that the terms of the collective-bargaining agreement control plaintiff's claims. In *Null,* the plaintiff, an hourly employee subject to the provisions of a collective-bargaining agreement, filed suit in common pleas court, alleging that her public employer violated R.C. 4111.03(A) in failing to pay her overtime compensation. The trial court granted summary judgment for the employer, concluding that R.C. 4117.10(A) controlled the plaintiff's claim and deprived the court of jurisdiction due to the arbitration clause in the collective-bargaining agreement.

{¶ 10} On appeal, this court initially acknowledged the Supreme Court of Ohio's interpretation of R.C. 4117.10(A) as articulated in *Streetsboro Edn. Assn. v. Streetsboro City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 288, 626 N.E.2d 110, noting that "[p]ursuant to R.C. 4117.10(A) when no state or local law addresses a matter addressed in a collective bargaining agreement, no conflict exists between the agreement and the law, and the agreement governs the parties as to that matter." *Null* at 155, citing *Streetsboro* at 291. Similarly, "when a collective bargaining agreement does not address a matter but a state or local law does," once "again no conflict arises: pursuant to R.C. 4117.10(A) state or local law generally would apply to a public employer and its public employees regarding 'wages, hours and terms and conditions' of employment." *Id.* "When, however, a state or local law pertaining to a specific exception listed in R.C.

4117.10(A) conflicts with a provision in a collective bargaining agreement addressing the same matter, the law prevails and the provision of the collective bargaining agreement is unenforceable." On the other hand, "[i]f the conflict does not pertain to one of the specific exceptions listed in R.C. 4117.10(A), then the collective bargaining agreement prevails." *Id.*

{¶ 11} Guided by *Streetsboro*'s construction of R.C. 4117.10(A), *Null* noted that both the collective-bargaining agreement at issue there and R.C. 4111.03(A) addressed the issue of overtime compensation. The collective-bargaining agreement stated that "[e]mployees shall receive compensatory time or overtime pay for authorized work performed in excess of forty (40) hours per week." R.C. 4111.03(A) provided that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended."

{¶ 12} *Null* determined that the collective-bargaining agreement conflicted with the terms of R.C. 4111.03 in several respects. Initially, "[w]hile R.C. 4111.03 requires an employer to provide for overtime compensation in the manner prescribed by the FLSA, the collective bargaining agreement does not." *Null*, 137 Ohio App.3d at 155, 738 N.E.2d 105. Moreover, "[a]lthough the agreement requires the additional hours to be 'authorized,' R.C. 4111.03 does not specifically require authorization." *Id.* Finally, "[w]hile R.C. 4111.03(A) requires overtime compensation for 'hours worked' in excess of forty, the collective bargaining agreement requires overtime compensation for 'hours in active pay status' greater than forty." *Id.* at 155–156. Accordingly, *Null* concluded that "[g]iven the conflict, the bargaining agreement prevails unless one of the exceptions in R.C. 4117.10(A) applies. Because R.C. 4117.10(A) does not list R.C. 4111.03 or the matter of overtime compensation as an exception, the collective bargaining agreement with its arbitration provision prevails." *Id.* at 156.

{¶ 13} Plaintiff challenges defendant's reliance on *Null* in light of the Supreme Court of Ohio's decision in *State ex rel. Ohio Assn. of Pub. School Emp./ AFSCME, Local 4, AFL–CIO v. Batavia Local School Dist. Bd. of Edn.* (2000), 89 Ohio St.3d 191, 729 N.E.2d 743, and *State ex rel. Tempesta v. Warren*, 128 Ohio St.3d 463, 2011-Ohio-1525, 946 N.E.2d 208. Plaintiff in particular contends that *Batavia* implicitly overruled *Null* since *Batavia* relied, at least in part, on *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 630 N.E.2d 725, which *Null* distinguished.

{¶ 14} In *Batavia*, a school district board of education employed nonteaching personnel, including several bus drivers and one school bus mechanic, who had continuing or limited contracts of employment under R.C. 3319.081 prohibiting

the board from abolishing their positions and laying them off. The board and the union representing the nonteaching employees were parties to a collective-bargaining agreement. Article 13 of the agreement set forth the procedures for layoffs and recalls, providing that when layoff became necessary in a job classification due to the abolishment of a position, lack of funds or lack of work, the board was to determine in which classifications the layoff should occur and the number of employees to be laid off.

{¶ 15} The board abolished the positions of bus driver and mechanic, laid off the employees who held those positions, and contracted with a private company to perform work that the laid-off employees previously performed. The laid-off employees subsequently accepted employment from the private company to perform transportation services for the school district. The union filed a complaint for a writ of mandamus seeking to compel the board to reinstate the laid-off employees to their previous positions. The court of appeals denied the requested writ, holding that pursuant to R.C. 4117.10(A), the terms of the collective-bargaining agreement prevailed over the employees' statutory rights set forth in R.C. 3319.081.

{¶ 16} On appeal, the union conceded that the collective-bargaining agreement authorized the board to abolish positions and lay off the affected employees but argued that the board, notwithstanding R.C. 4117.10(A), was not authorized to contract with a private company to perform the same work that the laid-off employees previously performed. The union thus contended that the layoff provision of the collective-bargaining agreement did not expressly preempt the employees' statutory employment contracts and other rights that R.C. 3319.081 guaranteed. The board, in response, maintained that pursuant to R.C. 4117.10(A), the collective-bargaining agreement governed the parties' employment relationship and since the agreement granted the board the ability to abolish positions and lay off employees, the board was within its authority when it abolished the positions and laid off the affected employees.

{¶ 17} The Supreme Court of Ohio determined that given the protections R.C. 3319.081 afforded, the collective-bargaining agreement, even if it allowed the board to lay off employees and abolish positions, did not permit the board to lay off the employees by abolishing positions while, in effect, retaining the same positions and hiring nonpublic employees to fill them. In so concluding, the court relied upon two of its previous decisions: *Naylor,* 69 Ohio St.3d 162, 630 N.E.2d 725, holding that the statutory-evaluation procedures set forth in R.C. 3319.111 bound the school board because the collective-bargaining agreement did not specifically exclude or negate those rights, and *State ex rel. Clark v. Greater Cleveland Regional Transit Auth.* (1990), 48 Ohio St.3d 19, 548 N.E.2d 940, concluding that since the vacation-leave provision in the collective-bargaining

agreement did not specifically address the question of prior service vacation, no conflict existed between it and R.C. 9.44, dealing with previously earned vacation leave.

{¶ 18} Applying *Naylor* and *Clark, Batavia* held that "[i]n order to negate statutory rights of public employees, a collective bargaining agreement must use language with such specificity as to explicitly demonstrate that the intent of the parties was to preempt statutory rights." *Id.*, 89 Ohio St.3d 191, 729 N.E.2d 743, at syllabus. Applying that principle, the court noted that Article 13 was merely a general layoff and recall provision that said nothing about employees' statutory rights under R.C. 3319.081 and was not intended to preempt R.C. 3319.081. Indeed, the court noted that had the parties mutually intended to preempt the job-security protections in R.C. 3319.081, they could have easily specified that intent in the collective-bargaining agreement.

{¶ 19} Premised on that analysis, the court stated that "because the collective bargaining agreement failed to specifically exclude the employees' statutory rights, no clear conflict exists between the agreement and the statute. Effect can be given to both R.C. 3319.081 and the layoff provision." *Id.* at 197. The court accordingly determined that the employees' rights under R.C. 3319.081 prevailed, since the collective-bargaining agreement did not specifically permit the board's actions in discharging the employees and contracting with a private company to perform identical services.

{¶ 20} Plaintiff also relies on *Tempesta* to support his contention that the Supreme Court implicitly overruled *Null*. In *Tempesta*, 128 Ohio St.3d 463, 2011-Ohio-1525, 946 N.E.2d 208, the plaintiff held a classified position as director of service operations for the city of Warren. The plaintiff's position was one of only three supervisory positions in the operations department, and the plaintiff had the least amount of continuous service with the city. The city notified the plaintiff that he would be laid off from his employment for lack of funds and advised him that he had a right to reinstatement for one year from the effective date of the layoff.

{¶ 21} At the time of the layoff, the city was a party to a collective-bargaining agreement. The agreement covered neither the plaintiff nor the position he held, but it covered the other two supervisory positions in the operations department. Article 21 of the agreement addressed promotions and, in particular, provided that the senior bargaining-unit member would be promoted when a job opening in the bargaining unit was posted. When one of the supervisory positions in the operations department became available, the plaintiff applied for reinstatement pursuant to R.C. 124.327(B), under which "an employee who is laid off retains reinstatement rights for one year following the date of layoff." *Id.* at ¶ 14. The city instead promoted the senior bargaining-unit member pursuant to Article 21

of the collective-bargaining agreement. The city and the union argued that "because the collective-bargaining agreement justified the city's promotion of [a] bargaining-unit member * * * to the position * * *, the agreement preempted [the plaintiff's] right to the position under the reinstatement provisions under R.C. 124.327." *Id.* at ¶ 16.

{¶ 22} Disagreeing, the Supreme Court applied the syllabus language of Batavia. The court stated that "[n]othing in Article 21 of the collective-bargaining agreement, which contains general provisions concerning promotions, or any other provision of the agreement, specifically negates the statutory rights of bargaining-unit employees to reinstatement following layoff, much less the statutory rights of city employees like [the plaintiff] who were not members of the bargaining unit at the time they were laid off." *Id.* at ¶ 17. "Therefore, as precedent requires, the collective-bargaining agreement did not preempt [the plaintiff's] right to reinstatement in the Warren Operations Department under R.C. 124.327." *Id.*

{¶ 23} Plaintiff is unpersuasive in arguing that those cases implicitly overruled *Null* and thus govern the outcome of the instant case. The rulings in *Batavia* and *Tempesta* are not incompatible with *Null,* because they address different issues. *Batavia* addressed statutory rights of nonteaching public-school employees under R.C. 3319.081; *Tempesta* addressed statutory rights of city employees under R.C. 124.327. In contrast, *Null,* like the present case, concerned a wage-and-hour claim under R.C. 4111.03. Neither *Batavia* nor *Tempesta* modified, criticized, or even mentioned *Null,* an indication that the court did not intend its decisions to apply to wage-and-hour claims. Indeed, we have not discovered, nor has plaintiff pointed to, any Ohio case applying the holding of Batavia to a wage-and-hour overtime claim under R.C. 4111.03.

{¶ 24} Here, as in *Null,* both R.C. 4111.03(A) and the collective-bargaining agreement address the issue of overtime compensation. R.C. 4111.03(A) is exactly the same now as when *Null* was decided. Article 13.10 of the collective-bargaining agreement, much like the provisions at issue in *Null,* provides that employees are entitled to compensation for overtime work, so that "[h]ours in an active pay status [of] more than forty (40) hours in any calendar week shall be compensated at the rate of one and one-half (1 1/2) times the employee's total rate of pay for each hour of such time over forty (40) hours." Article 13.10 further defines active pay status "as the conditions under which an employee is eligible to receive pay and includes, but is not limited to, vacation leave, and personal leave. Sick leave and any leave used in lieu of sick leave shall not be considered as active pay status for purposes of this Article."

{¶ 25} Under *Null,* the overtime provisions in R.C. 4111.03(A) and Article 13.10 conflict. R.C. 4111.03(A) requires an employer to provide for overtime compensation in the manner prescribed by the FLSA; the collective-bargaining agree-

ment does not. R.C. 4111.03(A) mandates overtime compensation for "hours worked" in excess of 40; the collective-bargaining agreement requires overtime compensation for "[h]ours in active pay status" greater than 40. As *Batavia*, *Tempesta*, and *Null* instruct, when a conflict exists, the collective-bargaining agreement prevails, unless one of the exceptions in R.C. 4117.10(A) applies. As we noted in *Null*, since R.C. 4117.10(A) does not list R.C. 4111.03 or the matter of overtime compensation as an exception, the collective-bargaining agreement with its arbitration provision prevails.

{¶ 26} Finally, policy reasons support applying *Null* here. Not only is arbitration a favored policy in labor disputes, but to hold otherwise in a wage-and-hour dispute would require the parties to anticipate every possible permutation and resulting point of disagreement and then include it in the agreement to achieve the required specificity that would assure resolution through the grievance and arbitration provisions of the agreement. The agreement addresses overtime compensation, plaintiff's claim raises an issue of overtime compensation, and it matters not that the agreement fails to specify the particular ten-minute period at issue here. As a result, the agreement's provisions on grievance and arbitration govern resolution of the dispute, leaving the Court of Claims without jurisdiction under R.C. 4111.03(A).

{¶ 27} Because the trial court properly concluded that it lacked jurisdiction over plaintiff's claims under R.C. 4111.03(A), we overrule plaintiff's five assignments of error and affirm the judgment of the Court of Claims of Ohio.

Judgment affirmed.

BROWN and KLATT, JJ., concur.