[Cite as *Meccon, Inc. v. Univ. of Akron*, 2012-Ohio-6317.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MECCON, INC., et al.

     Plaintiffs

     v.

THE UNIVERSITY OF AKRON

     Defendant

Case No. 2008-08817

Judge Alan C. Travis
Magistrate Lewis F. Pettigrew

## DECISION OF THE MAGISTRATE

{¶ 1} On August 6, 2008, plaintiffs, Meccon, Inc., and Ronald Bassak (Meccon), filed a verified complaint and a motion for a temporary restraining order. In the complaint, plaintiffs allege that defendant, The University of Akron (Akron), wrongfully awarded a contract for a public improvement project in violation the competitive bidding processes prescribed by the Ohio Revised Code. The court granted Akron's motion to dismiss on jurisdictional grounds, and the appeal of that decision ultimately reached the Supreme Court of Ohio in *Meccon, Inc. v. Univ. of Akron*, 126 Ohio St.3d 231, 2010-Ohio-3297.

{¶ 2} Many of the relevant facts and much of the procedural history of this case is set forth in the opinion of the Supreme Court of Ohio in *Meccon, supra,* as follows:

{¶ 3} "According to the complaint of Meccon, Inc., and Ronald Bassak, appellees ('Meccon'), the University of Akron proposed to award plumbing, fire-protection, and heating, ventilation, and air-conditioning ('HVAC') contracts for public-improvement work in its football stadium. Meccon submitted a bid for the separate HVAC project, as did other contractors. Another contractor, S.A. Comunale, submitted four bids: one for each

of the stand-alone fire-protection, plumbing, and HVAC contracts and a combined bid to perform all three contracts.

{¶ 4} "When the bids were opened, S.A. Comunale's combined bid was the lowest of the combination bids submitted. S.A. Comunale's bid was $1.2 million less than the next-lowest combination of bids. S.A. Comunale was also the low bidder for each of the stand-alone fire-protection, plumbing, and HVAC contracts. Meccon submitted the second-lowest bid for the HVAC work.

{¶ 5} "Thereafter, S.A. Comunale withdrew its combined bid and its stand-alone plumbing bid. The university awarded the stand-alone fire-protection and HVAC contracts to S.A. Comunale. After the university rebid the stand-alone plumbing contract and S.A. Comunale was once again the low bidder, S.A. Comunale also won that contract.

{¶ 6} "Meccon alleges that the university's award to S.A. Comunale of the three stand-alone contracts, after S.A. Comunale had withdrawn both its combined bid and its plumbing bid, was in violation of the university's own 'Instructions to Bidders' documents and comparable provisions within Ohio statutes. Meccon filed suit in the Court of Claims, seeking a temporary restraining order, a declaratory judgment, preliminary and permanent injunctive relief, damages for its bid-preparation costs, and any other appropriate legal and equitable relief resulting from the university's failure to award the HVAC contract to Meccon.

{¶ 7} "In response, the university filed a motion to dismiss for lack of subject-matter jurisdiction. It argued that disappointed bidders were entitled only to injunctive relief and that Meccon's claim for bid-preparation costs and other money damages was not cognizable. The Court of Claims granted the university's motion, concluding that only the court of common pleas had jurisdiction because Meccon's remaining claim was only for equitable relief. On the same basis, the Court of Claims also denied the motion

for a temporary restraining order, denied all other motions as moot, and dismissed the complaint.

{¶ 8} "Meccon appealed to the Tenth District Court of Appeals, and the court reversed the Court of Claims with respect to the jurisdiction question. 182 Ohio App.3d 85, 2009-Ohio-1700, 911 N.E.2d 933. The court concluded that disappointed bidders can recover bid-preparation costs and that because such costs are monetary damages, the Court of Claims does have subject-matter jurisdiction to hear all of Meccon's claims. *Id.* at ¶ 26. The court also determined that Meccon's argument that the Court of Claims erred when it failed to consider Meccon's motion for a temporary restraining order was moot. *Id.* at ¶ 27, 29. We accepted the university's appeal under our discretionary jurisdiction. 122 Ohio St.3d 1502, 2009-Ohio-4233, 912 N.E.2d 107." *Id.* at ¶ 2-7.

{¶ 9} The Supreme Court of Ohio held that when a rejected bidder establishes that a public authority violated state competitive-bidding laws in awarding a public-improvement contract, that bidder may recover reasonable bid-preparation costs as damages if that bidder promptly sought, but was denied, injunctive relief and it is later determined that the bidder was wrongfully rejected and injunctive relief is no longer available. *Meccon, supra.* The case was then remanded to this court for further proceedings. Upon remand, the first question for this court was whether the contract was awarded illegally.[1] The parties filed cross motions for summary judgment on the issue and on April 12, 2011, this court granted partial summary judgment in favor of Meccon. The court's decision reads, in part, as follows:

{¶ 10} "R.C. 9.31, titled, '[w]ithdrawing bids made in error' provides in relevant part: 'A bidder for a contract with the state * * * may withdraw this bid from consideration if the price bid was substantially lower than the other bids, providing the bid was submitted in good faith, and the reason for the price bid being substantially

---

[1]Akron's March 19, 2012 motion to dismiss is DENIED.

lower was a clerical mistake as opposed to a judgment mistake, and was actually due to an unintentional and substantial arithmetic error * * *.

{¶ 11} *"'No bid may be withdrawn under this section when the result would be the awarding of the contract on another bid of the same bidder.'*

{¶ 12} "Although the operative language of the statute is susceptible to alternative interpretations, there is no reasonable interpretation that would permit the awarding of the contract to S.A. Comunale based upon the undisputed facts in this case. A strict interpretation of the statute would mean that any bidder who withdraws a bid cannot be considered for a contract for any portion of the work on the project. A more liberal construction would mean that any bidder who withdraws a bid cannot be considered for a contract involving any portions of the work that were also included in the withdrawn bid. "Here, under either a strict interpretation of the statute or a more liberal interpretation, the award of the contract to S.A. Comunale runs afoul of the statutory proscription. Indeed, the only reason defendant considered the individual bids for HVAC and plumbing and ultimately awarded S.A. Comunale a contract for both was because S.A. Comunale had been permitted to withdraw its combination bid.

{¶ 13} "Based upon the foregoing, plaintiffs' motion for summary judgment shall be granted, in part, as there is no question that defendant violated R.C. 9.31."[2] *See* April 12, 2011 Decision.

{¶ 14} Thereafter, on February 6, 2012, the case was tried to a magistrate of the court.[3] The issue for the court at this juncture is whether Meccon had "promptly" sought injunctive relief and, if so, whether Meccon's bid was wrongfully rejected.

---

[2]Akron's motion for summary judgment was granted, in part, as it pertained to the claim asserted by Reliance. Reliance claimed to be the next-lowest bidder for the plumbing contract, but it had never sought injunctive relief.

[3]On October 18, 2011, the court ordered the issue of Meccon's entitlement to an award of attorney fees and the amount thereof bifurcated from the initial trial.

{¶ 15} Akron maintains that Meccon waited more than two months after the bid opening before seeking injunctive relief and that such a delay precludes recovery of bid costs under *Meccon*, *supra*. Meccon alleges that it timely sought relief inasmuch as it filed a verified complaint and a motion for a temporary restraining order within four days after Akron released it from its obligation under the bid guaranty.[4]

{¶ 16} Thus, the first determination for the court upon remand is when the clock starts ticking for the frustrated bidder under *Meccon, supra*. The Supreme Court of Ohio in *Meccon, supra*, was silent on this issue.

{¶ 17} Although the parties have their respective positions, the court believes that the time begins to run for the frustrated bidder under *Meccon, supra,* when the claim for injunctive relief arises. In this instance, Meccon sought to enjoin both the award of a contract to S.A. Comunale and, in the event that the contract had been awarded, the prosecution of the work by S.A. Comunale.[5]

{¶ 18} The evidence presented at trial establishes the following relevant facts: the bids were opened on June 3, 2008; on June 13, 2008, Meccon's President, Ronald Bassak, authored a letter of protest on behalf of Meccon; on June 22, 2008, the contract between Akron and S.A. Comunale was executed; on July 26, 2008, Akron sent a letter to Meccon informing it that Akron had entered into a contract with S.A. Comunale and had released Meccon from its bid guaranty; Meccon received the letter on July 30, 2008; and on August 6, 2008, Meccon filed its verified complaint in the Court of Claims.

---

[4]Article 5.1.6 of the "Instructions to Bidders" provides: "Bid Guaranties in the form of a certified check, cashier's check, or letter of credit shall be returned to unsuccessful Bidders 60 days after the bid opening. Bid Guaranties in the form of a certified check, cashier's check, or letter of credit shall be returned to the successful Bidder upon providing the Bond required by law in form and in substance, and from a Surety satisfactory to the Contracting Authority of the instructions to bidders, bid bonds were to be held open for a period of 60-days from the date of submission."

[5]There is no dispute that this action was filed four business days after Meccon received notice that Akron had released Meccon from its bid guaranty.

{¶ 19} Based upon these facts, Akron argues that Meccon, as the next-lowest bidder, could have filed an action seeking injunctive relief as early as June 3, 2008, when the bid opening revealed that S.A. Comunale was the lowest bidder and that Meccon was the next-lowest. In the alternative, Akron argues that a right to injunctive relief arose no later than June 13, 2008, when Meccon learned that Akron intended to award the contract to S.A. Comunale. The evidence establishes that Meccon gained such knowledge no later than June 13, 2008, when Meccon sent the letter of protest.

{¶ 20} The purpose of a temporary restraining order under the civil rules is to prevent "immediate and irreparable injury, loss or damage" to the applicant. Civ.R. 65(A). The purpose of a preliminary injunction is to preserve the status quo pending final determination of the matter. *Franks v. Rankin*, 10th Dist. No. 11AP-962, 2012-Ohio-1920, ¶ 46. In determining when a right to seek injunctive relief arises, the court must determine when the party seeking such relief had knowledge, either actual or constructive, of the impending injury or wrong. *See Ohio Hosp. Assn. v. Ohio Bur. of Workers' Comp.,* 10th Dist. No. 06AP-471, 2007-Ohio-1499; *Ohio Civ. Rights Comm. v. Triangle Real Estate Servs.*, 10th Dist. No. 06AP-157, 2007-Ohio-1809, ¶ 18.

{¶ 21} Based upon the foregoing, the court finds that on or before June 13, 2008, Meccon knew that Akron intended to award the HVAC contract to S.A. Comunale in violation of R.C. 9.31. Meccon also knew that it was the next-lowest bidder for that division of the work. Thus, the court concludes that Meccon's right to seek injunctive relief arose on June 13, 2008, at the latest, and that Meccon had an obligation to promptly seek such relief thereafter. The court further finds that Meccon had ample time, more than one full week, in which to bring an action to prevent contract execution. There is no question that such execution did not occur until June 22, 2008. Instead, Meccon waited a total of 53 days before filing its action in this court.

{¶ 22} Meccon argues that even though it had received notice that its bid had been rejected in favor of the bid submitted by S.A. Comunale, it still had the right to file

a bid protest.  Meccon further claims that its bid guaranty was still available should Akron rule favorably upon Meccon's June 13, 2008 bid protest.  Essentially, Meccon claims that the availability of this extra-judicial remedy and the retention of its bid guaranty by Akron excuses the delay in filing an action.  The court disagrees.

{¶ 23} A written protest by a rejected bidder is authorized in Article 3.6 of the "Instructions to Bidders" as follows:

{¶ 24} "3.6.1                    *If the lowest Bidder is not responsive or responsible*, the Contracting Authority shall reject the Bid and notify the Bidder in writing by Certified Mail of the finding and the reasons for the finding.

{¶ 25} "* * *

{¶ 26} "3.6.3                    A Bidder notified in accordance with subparagraph 3.6.1 may object to its rejection by filing a written protest, which must be received by the Contracting Authority within 5 days of the notification provided pursuant to subparagraph 3.6.1."  (Emphasis added.)

{¶ 27} There is no question in this case that Meccon's bid was rejected because it was not the lowest bid.  Consequently, Akron did not pass upon either the responsiveness of Meccon's bid or the question whether Meccon was a responsible bidder.  In short, Article 3.6.1 and 3.6.3 does not authorize a bid protest by Meccon under these circumstances.  Inasmuch as Meccon's bid protest was not authorized by the "Instructions to Bidders," the June 13, 2008 protest letter could not have prevented an award of the contract to S.A. Comunale and it is of no consequence under *Meccon, supra*.

{¶ 28} In *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, the court stated that "[i]n a construction-related case, if an unsuccessful bidder seeking to enjoin the construction of a public-works project fails to obtain a stay of the construction pending judicial resolution of its claims challenging the decision, and construction commences, the unsuccessful bidder's action will be dismissed as moot." *Id.* at ¶ 11, citing *TP Mechanical Contrs., Inc. v. Franklin Cty. Bd. of Commrs.*, 10th Dist.

No. 08AP-108, 2008-Ohio-6824, ¶ 20.  The weight of the evidence demonstrates that on or before contract execution, S.A. Comunale had begun to mobilize its construction operations on site and had purchased both equipment and materials for use on the job. In fact, by the time Meccon filed an action in this court on August 6, 2008, the evidence establishes that S.A. Comunale had expended considerable sums for the purchase of necessary equipment.  Thus, for purposes of promptness under *Meccon, supra*, the court finds that work on the project had begun before Meccon sought injunctive relief.

**{¶ 29}** Based upon the foregoing, the court finds that Meccon failed to promptly seek injunctive relief in this case as is required for an award of bid preparation costs under *Meccon, supra*. Accordingly, judgment is recommended in favor of defendant.

**{¶ 30}** *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
LEWIS F. PETTIGREW
Magistrate

cc:

Andrew R. Fredelake
Peter D. Welin
240 North Fifth Street, Suite 300
Columbus, Ohio 43215

Mark R. Wilson
William C. Becker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Gabe J. Roehrenbeck
41 South High Street, Suite 1700
Columbus, Ohio 43215-6101

Michael W. Currie
6235 Westerville Road, Suite 200
Westerville, Ohio 43081

006
Filed July 9, 2012
To S.C. Reporter January 16, 2013