Gwin, P.J.
{¶1} Appellant appeals the June 15, 2018 judgment entry of the Morrow County Court of Common Pleas denying its motion for summary judgment and granting appellee's motion for summary judgment.
Facts & Procedural History
{¶2} Caroline Myles ("Myles") and Joanie Manning ("Manning") were classified employees employed by appellee Highland Local District Board of Education as bus drivers. Appellant United Electrical, Radio and Machine Workers of America is the exclusive representative for all classified employees of appellee, including bus drivers. Myles and Manning were hired as bus drivers on August 8, 2016 and signed limited classified contracts. The contracts signed by Myles and Manning state that appellee "hereby employs" Myles/Manning "for a period of one year from August 8, 2016 through August 31, 2017."
{¶3} Appellee sent both Myles and Manning letters on May 11, 2017. The letters provided as follows: "Please be advised that it is the intention of this Board of Education not to reemploy you at the expiration of your current Limited Classified contract (8/31/17)." Appellant filed a grievance on Myles' and Manning's behalf, and demanded arbitration. Appellee did not consent to arbitration, asserting that the agreement of the parties does not supersede state law.
{¶4} Appellant filed a complaint against appellee on December 15, 2017, seeking a declaratory judgment that the collective bargaining agreement governs the termination of Myles' and Manning's employment as bus drivers, that their employment may only be terminated for "just cause" within the meaning of the collective bargaining agreement, and that the dispute over the termination of their employment is subject to the grievance and arbitration provisions of the collective bargaining agreement.
{¶5} The collective bargaining agreement ("CBA") at issue in this case covers the period of July 1, 2015 through June 30, 2018. Appellant is an "employee organization" as defined in R.C. 4117.01(D) and the Board is a "public employer" as defined in R.C. 4117.01(B). The parties agree that the CBA covers Myles and Manning.
{¶6} Appellant filed a motion for summary judgment on March 29, 2018. Appellee filed a brief in opposition to appellant's motion for summary judgment and cross motion for summary judgment on April 26, 2018. Appellant filed a memorandum in opposition to appellee's cross-motion for summary judgment on May 14, 2018. Appellee filed a reply on May 29, 2018.
*379 {¶7} The trial court issued a judgment entry on June 15, 2018 granting appellee's motion for summary judgment and denying appellant's motion for summary judgment. The trial court framed appellant's argument as follows: the CBA supersedes R.C. 3319.081, appellee has to have "just cause" for not re-employing Manning and Myles, and Manning and Myles are entitled to utilize the grievance procedure in the CBA to arbitrate their dispute.
{¶8} The trial court cited State ex rel. Clark v. Greater Cleveland Regional Transit Authority , 48 Ohio St.3d 19, 548 N.E.2d 940 (1990), and found the CBA does not specifically address the issue of not renewing an employee at the expiration of a limited one-year contract and that R.C. 3119.081 permits an employer to choose to not renew a non-teaching employee at the expiration of the their first year without just cause. The trial court found Article 36 of the CBA applies to an employee who commits malfeasance, misfeasance, or nonfeasance that makes him or her subject to the disciplinary process. The trial court stated that discipline and non-renewal of a limited contract are two distinctly different actions on the part of an employer. Further, that since the CBA does not specifically address the issue of limited one-year contracts for non-teaching employees, appellee is entitled to not renew the limited one-year contracts in accordance with R.C. 3319.081. The trial court concluded appellee did not violate the terms of the CBA and Manning and Myles do not have a grievance to arbitrate.
{¶9} Appellant appeals the June 15, 2018 judgment entry of the Morrow County Court of Common Pleas and assigns the following as error:
{¶10} "I. THE COLLECTIVE BARGAINING AGREEMENT, AS A MATTER OF LAW, PROVIDES THAT THE "JUST CAUSE" STANDARD AND FINAL AND BINDING GRIEVANCE AND ARBITRATION PROCEDURE APPLY TO EMPLOYEES WITH INDIVIDUAL CONTRACTS SUCH AS BUS DRIVERS MANNING AND MYLES.
{¶11} "II. THE PARTIES' AGREEMENT TO LIMIT DISCHARGE OF EMPLOYEES, INCLUDING THOSE WITH INDIVIDUAL CONTRACTS, TO CIRCUMSTANCES IN WHICH "JUST CAUSE" CAN BE DEMONSTRATED IS ENFORCEABLE PURSUANT TO OHIO REVISED CODE § 4117.10(A).
{¶12} "III. THE UNION IS ENTITLED TO A DECLARATORY JUDGMENT THAT THE GRIEVANCES RELATED TO TERMINATION OF CLASSIFIED EMPLOYEE BUS DRIVERS MANNING AND MYLES ARE ARBITRABLE PURSUANT TO THE COLLECTIVE BARGAINING AGREEMENT."
Summary Judgment Standard
{¶13} Civil Rule 56(C) provides, in pertinent part:
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly *380 strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
{¶14} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. Hounshell v. Am. States Ins. Co. , 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc. , 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. Russell v. Interim Personnel, Inc. , 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).
{¶15} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. Smiddy v. The Wedding Party, Inc. , 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. Doe v. Shaffer , 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.
{¶16} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. Dresher v. Burt , 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. Henkle v. Henkle , 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).
I., II., III.
{¶17} Appellant's assignments of error are interrelated and will be addressed jointly. Together they assert that the CBA specifically addresses the discharge of non-teaching employees on limited one-year contracts and thus a finding of "just cause" is required for the non-renewal of the contracts of Manning and Myles because, pursuant to R.C. 4117.10(A), the CBA supersedes R.C. Sections 3319.081 and 3319.083. Further, that appellant is entitled to a declaratory judgment that Manning's and Myles' grievances are arbitrable.
{¶18} Appellee argues Myles and Manning were provided limited contracts as required by statute and were lawfully non-renewed through written notice of the Board's intent before June of the year of the contract expiration and the CBA does not specifically address the issue of not renewing limited contracts for non-teaching employees and thus the CBA provisions do not conflict with R.C. Sections 3319.081 and 3319.083. Appellee contends the trial court properly recognized that non-renewal of a contract and termination of an employee are distinct legal processes.
{¶19} R.C. 3119.081 details the limited contract sequence for non-teaching employees and R.C. 3119.083 provides for notice of non-renewal of these limited contracts. Newly-hired non-teaching employees enter into contracts with the school board for a period of not more than one year. R.C. 3319.081. If the employee is rehired, the school board is required to offer a written two-year contract. Id. If a *381 non-teaching employee is retained at the end of a two-year contract, the school board must offer the employee a continuing contract. Id. R.C. 3319.083 provides these limited contracts may be non-renewed through written notice of the board's intent not to renew before June 1st in the year of the contract expiration.
{¶20} R.C. 4117.10(A) governs the relationship between a CBA and all applicable state and local laws and provides as follows:
An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure. Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hour, and terms and conditions of employment for public employees.
{¶21} The Ohio Supreme Court has addressed the interplay between public employees' statutory rights and provisions of a CBA that purport to pre-empt those statutory rights pursuant to R.C. 4117.10(A) in several cases. In State ex rel. Clark v. Greater Cleveland Regional Transit Authority , 48 Ohio St.3d 19, 548 N.E.2d 940 (1990), the appellant argued that vacation leave was addressed in the CBA and thus, pursuant to R.C. 4117.10(A), the provisions of the CBA supersede and prevail over the conflicting state statute, R.C. 9.44. In holding that the employees were entitled to their previously-earned vacation credit pursuant to R.C. 9.44, the Supreme Court reasoned that, despite a provision in the CBA addressing the computation of vacation leave, the provision did not specifically address the question of prior service vacation credit. Id. The Supreme Court stated that the, "general provision [regarding vacation] does not mean, however, that it is the exclusive or last word involving all matters of vacation. This is so because R.C. 4117.10(A) provides that when the agreement makes no specification about a matter pertaining to wages, hours and terms and conditions of employment, the parties are governed by all state * * * laws addressing such terms and conditions of employment." Id. The Supreme Court subsequently held that in Clark , the Court "strictly construed" the "no specification" language of R.C. 4117.10(A) and found that it could not infer from the general language of the CBA at issue that the parties intended to eliminate probationary service by new police officers as provided by state and local law. Bashford v. City of Portsmouth , 52 Ohio St.3d 195, 556 N.E.2d 477 (1990).
{¶22} In Naylor v. Cardinal Local School District Board of Education , 69 Ohio St.3d 162, 630 N.E.2d 725 (1994), the Ohio Supreme Court again addressed the applicability of R.C. 4117.10(A) and held that, "unless a [CBA] specifically provides to the contrary, R.C. 3319.111 governs the evaluation of a teacher employed under a limited contract." In the same year as Naylor , the Supreme Court issued State ex rel. Chavis v. Sycamore City School District Board of Education , 71 Ohio St.3d 26, 641 N.E.2d 188 (1994), stating a CBA does not prevail over conflicting laws *382 where it either does not specifically cover certain matters or no CBA is in force.
{¶23} In State ex rel. Ohio Association of Public School Employees/AFSCME, Local 4, AFL-CIO v. Batavia Local School District Board of Education , 89 Ohio St.3d 191, 729 N.E.2d 743 (2000), the Ohio Supreme Court cited both Clark and Naylor in stating that in order to negate state or local laws, "a CBA must use language with such specificity as to explicitly demonstrate that the intent of the parties was to preempt statutory rights." At issue in the Batavia case was section R.C. 3319.081 and the layoff and recall provision contained in the CBA. Id. The Supreme Court found that the CBA contained a general layoff and recall provision, but this provision said nothing about the statutory rights of employees contained in R.C. 3319.081. Id. The Supreme Court was "not persuaded that by the use of such general language that the parties intended to pre-empt R.C. 3319.081" and found that because the CBA failed to specifically exclude R.C. 3319.081, no clear conflict existed between the CBA and R.C. 3319.081 and the provisions of R.C. 3319.081 applied. Id.
{¶24} In State ex rel. Tempesta v. City of Warren , 128 Ohio St.3d 463, 946 N.E.2d 208 (2011), the Ohio Supreme Court again stated that in order for a CBA to pre-empt a state statute, "a CBA must use language with such specificity as to explicitly demonstrate that the intent of the parties was to preempt statutory rights." The Supreme Court found nothing in the general provision as to promotions in the CBA specifically negated the rights of employees to reinstatement following layoffs. Id.
{¶25} This Court has also previously-cited Clark and Naylor in holding that in order for a CBA to conflict with statutory rights, it must "explicitly demonstrate the parties' intention to preempt such rights." Middleton v. State ex rel. Eugene Devies , 5th Dist. Stark No. 2001CA00366, 2002-Ohio-3481, 2002 WL 1467773.
{¶26} Appellant contends the CBA in this case makes "specification" regarding the matter at issue in Sections 2.02, 3.01, and 12.01 of the CBA and thus Article 36 applies, requiring "just cause" before the non-renewal of the Manning and Myles contracts.
{¶27} Article 2 of the CBA entitled "Recognition," provides, in Section 2.02, that the bargaining unit "include[s] all classified employees of the Highland Local School Board of Education." Article 3 of the CBA entitled "Severability" provides, in Section 3.01, "Employer and the Union agree that all items in this Agreement, which permissibly supersedes applicable state law pursuant to Ohio Revised Code Section 4117.10(A) shall not be affected by this Article. Should any clause of this Agreement be held to be in violation of law by a court of competent jurisdiction, then that provision of the Agreement shall be rendered null and void, but the remaining provisions of the Agreement shall remain in full force and effect." Article 12 of the CBA is entitled "Compliance," and Section 12.01 provides, "The employee's individual contract or salary notice tendered by the Employer shall be subject to and consistent with the terms and conditions of this Agreement. The terms of this Agreement shall be controlling over any language contained in such notices." Finally, Article 36, entitled "Discipline and Discharge," provides that "no employee shall be disciplined or discharged except for just cause."
{¶28} In this case, we find that these general provisions do not, taken either separately or together, use language with such specificity as to explicitly demonstrate that the intent of the parties was to override or pre-empt R.C. 3319.081 or *383 R.C. 3319.083. Section 2.02 provides generally that classified employees are part of the bargaining unit. Section 3.01 deals with the severability of the agreement itself, generally provides that the items contained in the agreement that "permissibly supersede applicable state law" are not affected by the severability of the CBA, and provides that if a clause of the CBA is in violation of law the remaining provisions of the CBA remain in effect. Section 12.01 generally provides that the employees' contracts shall be consistent with the terms and conditions of the CBA.
{¶29} The language in the CBA does not address the subject of limited contracts, their expiration, the authority to issue a limited contract, or the procedure for the non-renewal of limited contracts of non-teaching employees. If we were to adopt appellant's argument, all non-teaching employees, including new employees, would have continuing contracts. There is no provision in the CBA stating that a continuing contract for a non-teaching employee is automatic such that the system contained in R.C. 3319.081 for limited contracts and the process by which to get a continuing contract is not applicable. There is no reference to either R.C. 3319.081 or R.C. 3319.083 in the CBA and the words "renew" and "non-renew" are not in the CBA. Given the general language used and the lack of any mention of the applicable statues, relevant terms, or any language regarding the issuance, sequence, renewal or non-renewal of limited contracts in the CBA, we find there is not a clear intent evidenced by the parties in the CBA that all employees would have continuing contracts.
{¶30} Further, as to Article 36 of the CBA, we concur with the trial court that there is a distinction between the non-renewal of a limited contract of an employee by issuing a notice not to re-employ and termination of an employee for cause prior to the expiration of the contract. Article 36 provides that "no employee shall be disciplined or discharged except for just cause." Based upon the plain language of Article 36, it relates to fault-based disciplinary actions. Non-renewal is a discretionary action, not a disciplinary action. There is nothing in the language of Article 36 or the other provisions of the CBA to explicitly demonstrate an intent that appellee is not permitted to non-renew limited contracts pursuant to R.C. 3319.081 and R.C. 3319.083 on a no-fault basis or an explicit intent by the parties that Article 36's "discharge" displaces all statutory processes relating to the separation of an employee covered by the CBA from employment, including the process of non-renewal of limited contracts on a no-fault basis. If we adopted appellant's position, limited contracts for non-teaching employees would be eliminated in the school district. We find there is no specific intent in the CBA to eliminate limited contracts for non-teaching employees.
{¶31} If appellee attempted to discipline or discharge a non-teaching employee during his or her limited contract term on a fault basis or during his or her tenure during a continuing contract, Article 36 would apply. However, that is not what occurred in this case. The contracts of both Myles and Manning were limited contracts that expired on August 31, 2017. Appellee followed the procedures in R.C. 3319.081 and R.C. 3319.083 to not renew their contracts by providing them written notice of appellee's intent before June 1st in the year of the contract expiration.
{¶32} Case law applying R.C. 4117.10(A) requires a very specific expression of intent within the CBA to override statutory rights and those cases finding the CBA controls over conflicting state or local laws contain not just general provisions, but *384 contain specific provisions dealing with the matter at issue. Naylor v. Cardinal Local School Dist. Bd. of Edn. , 69 Ohio St.3d 162, 630 N.E.2d 725 (1994) (finding R.C. 3319.111 governs the evaluation of a teacher employed under a limited contract because the CBA did not specifically exclude those statutory rights); State ex rel. Ohio Assn. of Public School Emp./AFSCME, Local 4, AFL-CIO v. Batavia Local School Dist. Bd. of Edn. , 89 Ohio St.3d 191, 729 N.E.2d 743 (2000) (holding the general language of the CBA was not intended to by the parties to pre-empt R.C. 3310.081); State ex rel. Tempesta v. City of Warren , 128 Ohio St.3d 463, 946 N.E.2d 208 (2011) (finding CBA did not pre-empt state statute when CBA did not specifically negate the right to reinstatement following layoffs); Bashford v. City of Portsmouth , 52 Ohio St.3d 195, 556 N.E.2d 477 (1990) (stating the Court could not infer from the general language of the CBA that the parties intended to eliminate probationary service by new police officers as provided by state and local law); Lucki v. Ohio Dept. of Rehab. & Corr. , 197 Ohio App.3d 108, 2011-Ohio-5404, 966 N.E.2d 308 (10th Dist. Franklin) (finding CBA specifically addresses the issue of overtime compensation and thus the CBA governed resolution of the issue whether the Department was required to pay overtime for post-shift work); Null v. Ohio Dept. of Mental Retardation & Dev. Disabilities , 137 Ohio App.3d 152, 738 N.E.2d 105 (10th Dist. Franklin 2000) (holding CBA applies because the CBA provision directly and specifically addresses overtime compensation); Cuyahoga Falls Edn. Assn. v. Cuyahoga Falls City School Dist. Bd. of Edn. , 61 Ohio St.3d 193, 574 N.E.2d 442 (1991) (finding the CBA applied when the CBA contained a specific reduction-in-force provision).
{¶33} Comparing the language of the CBA in this case to those in the cases detailed above, Sections 2.02, 3.01, and 12.01 are general provisions containing general language, and not specific provisions dealing with the procedures for not renewing a limited contract and/or whether a limited contract can be non-renewed without just cause. Thus, we find this case analogous to those cases in which the state or local law applied because the CBA did not specifically address the matter at issue. Appellant argues that since Article 3.01 of the CBA states the CBA "supersedes applicable state law," R.C. 3319.081 and R.C. 3319.083 are pre-empted or overridden. However, as evidenced by the case law above recognizing the applicability of R.C. 4117.10(A), R.C. 4117.10(A) cannot be applied to an entire agreement based on general language contained in the general "severability" section agreement. The override provided by R.C. 4117.10(A) can only be applied when a provision specifically addresses a matter and evinces a clear intent to override the statutory law relating to that matter. No such specificity exists in this case.
{¶34} Since the CBA makes no specification about the issuance, sequence, renewal, or non-renewal of limited teaching contracts, there is no conflict between the CBA and either R.C. 3319.081 or R.C. 3319.083 and both R.C. 3319.081 and R.C. 3319.083 apply in this case.
{¶35} Appellant also contends that the legal presumption in favor of arbitration supports a finding that the Manning and Myles grievances are arbitrable. However, this presumption is rebuttable. Council of Smaller Enterprises v. Gates, McDonald & Co. , 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998). In this case, appellee has rebutted the presumption based upon the statutory language contained in R.C. 3319.081 and R.C. 3319.083.
*385 Zebrasky v. Valdes , 175 Ohio App.3d 670, 2008-Ohio-1674, 888 N.E.2d 1130 (7th Dist. Mahoning).
{¶36} Finally, in their last assignment of error, appellant seeks a declaratory judgment that the CBA, as a matter of law, provides that the just cause standard and final and binding grievance and arbitration procedure applies to employees with limited contracts such as Manning and Myles. As discussed above, we find Manning and Myles were provided limited contracts as required by R.C. 3319.081 that were lawfully non-renewed through written notice of the Board's intent before June 1st in the year of the contract expiration as required by R.C. 3319.083. Accordingly, the trial court did not err in not issuing a declaratory judgment as requested by appellant.
{¶37} Based on the foregoing, appellant's assignments of error are overruled.
{¶38} The June 15, 2018 judgment entry of the Morrow County Court of Common Pleas is affirmed.
Delaney, J., and Baldwin, J., concur